**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**THERESA GOLSTON**                                                                    **PLAINTIFF**

**V.**                                               **CIVIL ACTION NO.:** 1:23cv123 HSO-BWR

**DIAMONDHEAD COUNTRY CLUB AND**
**PROPERTY OWNERS ASSOCIATION, INC.**                              **DEFENDANT**

**COMPLAINT**
**JURY TRIAL DEMANDED**

**COMES NOW** the Plaintiff, Theresa Golston, by and through her counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of her rights pursuant to the Age Discrimination in Employment Act of 1967 (ADEA), as amended, against Defendant Diamondhead Country Club and Property Owners Association, Inc. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

**PARTIES**

1.      Plaintiff, Theresa Golston, is an adult female resident citizen of Hancock County, Mississippi, who is over the age of forty (40) and thus is a covered "employee" as defined by the ADEA.

2.      Defendant, Diamondhead Country Club and Property Owners Association, Inc., is a Mississippi corporation who (1) is engaged in an industry affecting commerce; and (2) has 20 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year and thus is a covered "employer" as defined by the ADEA who may be served with process by serving its Registered Agent: C T Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

1

**JURISDICTION AND VENUE**

3.      This Court has federal question jurisdiction and venue is proper in this Court.

4.      Plaintiff timely filed a Charge of Discrimination with the EEOC on December 30, 2022, a true and correct copy of which is attached as Exhibit "A."  On March 16, 2023, the EEOC issued a Dismissal and Notice of Rights, a true and correct copy is attached as Exhibit "B."  Plaintiff timely files this cause of action within ninety (90) days of receipt of her Dismissal and Notice of Rights.

5.      Plaintiff has been discriminated against because of her age in violation of the Age Discrimination in Employment Act.

**STATEMENT OF THE FACTS**

6.      Plaintiff is a 53-year-old female resident of Hancock County, Mississippi.

7.      Plaintiff was hired on November 11, 2017, as a Server/Banquet Lead at Diamondhead County Club and Property Owners Association, Inc. (DCCPOA)

8.      Plaintiff was paid hourly by DCCPOA.  Additionally, she received gratuities when she worked banquet functions.

9.      During May 2021, Plaintiff's manager, Tracy Feigel, hired her (Ms. Feigel's) daughter, Jamie Feigel (27-year-old female), to work in Housekeeping at DCCPOA.

10.     Ms. Tracy Feigel also allowed Jamie to work occasionally at banquet functions.

11.     During or around September 2021, Ms. Jamie Feigel was transferred to work in the kitchen performing Expo.

12.    Beginning in October or November 2021, Ms. Tracy Feigel increasingly assigned Ms. Jamie Feigel to work at banquet functions.

13.    Conversely, increasingly Ms. Tracy Feigel did not assign Plaintiff to work at banquet functions, i.e., having been replaced by Ms. Jamie Feigel.

14.    As a result, Plaintiff's pay went from approximately $1200-2000 per two weeks to $500-700 per two weeks.

15.    Since Plaintiff's role working at banquet functions had been replaced by Ms. Jamie Feigel, and it had caused a significant decrease in her (Plaintiff's) pay, on or around August 24, 2022, Plaintiff engaged in protected activity by making a complaint to General Manager Chris Rahaim about the situation.

16.    In response, Mr. Rahaim informed Plaintiff that he could address the situation, but if he did "there would be ramifications."

17.    Concerned as to what the apparent negative "ramifications" would be, Plaintiff replied to Mr. Rahaim never mind.

18.    On or around September 18, 2022, a meeting was held attended by Ms. Tracy Feigel, Ms. Jamie Feigel, Mr. Rahaim, Plaintiff, Server and Banquet Worker Payton Seitz, Banquet Coordinator Candace Boone, and Chef Roderick Herring.

19.    At this meeting, Mr. Rahaim stated that banquet functions should be worked by the following staff, in order of precedence: Plaintiff, Mr. Seitz, Ms. Jamie Feigel, Ms. Tracy Feigel.

20.    After that, initially Plaintiff recommenced working at all banquet functions.

21.    Then, beginning November 26, 2022, however, Mr. Rahaim assigned Ms. Tracy Feigel and newly hired Banquet Coordinator MaKayla Capps (27-year-old female) to work a banquet function.

22.    Plaintiff complained to Mr. Rahaim and asked why she and Mr. Seitz had not been assigned to work the banquet function.

23.    Mr. Rahaim responded that she and Mr. Seitz could work the next one, and if she didn't like it, she could quit.

24.    After that, when the next schedule came out, there were five banquet functions, and Plaintiff was not scheduled to work at any of them.

25.    Plaintiff again complained to Mr. Rahaim.

26.    In response, Mr. Rahaim threatened Plaintiff that if she complained to Human Resources, she would be terminated.

27.    Despite this warning, on December 2, 2022, Plaintiff went and reported how she was not being assigned to the banquet functions to Human Resources Representative Andrea Jones.

28.    General Manager Greg Abadie was also present when Plaintiff made this complaint.

29.    Plaintiff expressed concern regarding Mr. Rahaim's warning that she would be terminated if she complained to Human Resources.

30.    Mr. Abadie assured Plaintiff that she would not be terminated.

31.    Later that same day (December 2, 2022), Mr. Rahaim called Plaintiff into his office and informed her that she was terminated.

32.    Mr. Rahaim told Plaintiff, "It's just not working out."

4

33.     After she was terminated, Plaintiff learned that her position was replaced by significantly younger and less qualified Makayla Capps (25-year-old female).

34.     On December 30, 2022, Plaintiff filed an EEOC Charge of Age Discrimination against DCCPOP.

35.     On February 1, 2023, in response to Plaintiff's EEOC Charge, DCCPOP submitted a Position Statement to the EEOC.

36.     DCCPOP Position Statement alleges that on April 17, 2022, Plaintiff complained to Mr. Rahaim about his scheduling assignments for special events/banquets.

37.     The statement alleges that Plaintiff was "disrespectful, raised her voice, and cursed her supervisor".

38.     Plaintiff contends this allegation is false.

39.     Plaintiff notes that April 17, 2022 was Easter Sunday, and that after the function was over, she and all other employees went home.

40.     Plaintiff maintains that on or around August 24, 2022, she made her complaint to Mr. Rahaim that she had been replaced by Ms. Jamie Feigel (regarding assignments at special events/banquets), and it had caused a significant decrease in her (Plaintiff's) pay.

41.     Plaintiff further maintains that in response to her complaint, Mr. Rahaim stated to Plaintiff that he could address the situation, but if he did "there would be ramifications."

42.     Concerned as to what the "ramifications" would be, Plaintiff told Mr. Rahaim never mind.

43.     The Position Statement does not address this interaction.

5

44.    The DCCPOP Position Statement alleges that "in August 2022, after Roderick Herring (Executive Chef) had to terminate a dishwasher who was a friend of Golston, Golston erupted at the expediter station to Manager Tracy Feigel.  Manager Rahaim had to intervene and instructed Feigel that if she could not get Golston under control, she needed to be sent home.  Since that time, Golston has been overtly hostile to the kitchen staff…".

45.    Plaintiff contends the allegation that she "erupted" or displayed any type of outburst is false.

46.    Plaintiff notes that the dishwasher in question was not terminated until September 2022.

47.    Plaintiff further contends that whatever tension existed between employees was between Ms. Tracy Feigel and the kitchen/bar staff.

48.    The DCCPOP Position Statement alleges that during the meeting in Sept 2022, Mr. Rahaim discussed Plaintiff's outbursts at work and warned Plaintiff that such matters must be addressed privately, not mid shift.

49.    Plaintiff adamantly contends this allegation is false.

50.    Plaintiff maintains the meeting addressed the functioning of special event/banquets and had nothing to do with "outbursts" from any employee.

51.    The DCCPOP Position Statement alleges that Mr. Rahaim instructed that Plaintiff was to be "given priority" but it also claims that Plaintiff was "already assigned to a majority of said events".

52.    Plaintiff agrees that Mr. Rahaim announced that she would be given priority, as described above, in the assigning of events.

6

53.    Plaintiff denies, however, the allegation that she was previously "assigned to a majority of said events".

54.    Plaintiff contends this allegation is not true and was why she made the complaint on August 24, 2022.

55.    The DCCPOP Position Statement alleges that in November 2022, Plaintiff interrupted a customer, called Tracy Feigel a "fucking liar", and was verbally reprimanded by Ms. Feigel.

56.    Plaintiff contends this allegation is categorically false and never happened.

57.    The DCCPOP Position Statement alleges that on November 17, 2022, while working at a Sunday brunch, Plaintiff complained aloud in the presence of customers about the lack of a hostess, and that later Mr. Rahaim verbally reprimanded her.

58.    Plaintiff notes that November 17, 2022 was a Thursday, not a Sunday.

59.    Moreover, she notes that this allegation is false and never happened.

60.    The DCCPOP Position Statement alleges that on November 20, 2022, Plaintiff refused to be a team player, used profanity, refused to help other employees, and sat using her cell phone when she should have been working.

61.    Plaintiff contends, yet again, that this allegation is false.

62.    The DCCPOP Position Statement alleges that on Nov 23, 2022, Mr. Rahaim held a meeting and addressed again the "attitude of Golston, her hostility towards the staff", and because of this made the decision that Plaintiff would no longer be allowed to work special events.

63.    Plaintiff contends that yet again this allegation is false.

64.    The DCCPOP Position Statement alleges that on November 24, 2022, upon seeing the special event/banquet schedule, Plaintiff had another outburst and lashed out at Chef Herring.

65.    Plaintiff contends this allegation is false and a misrepresentation of what occurred.

66.    Plaintiff contends on that day, she calmly asked Mr. Herring, "Where is the sauce for the salmon?"  Mr. Herring responded that he did not know what she was talking about.  Plaintiff then asked the same question of two other kitchen workers (i.e., Rodney and Allen) and one of them (Rodney) took her to get it.

67.    The DCCPOP Position Statement alleges that on November 27, 2022, Plaintiff was terminated for "performance issues, attitude, and hostility toward staff".

68.    Plaintiff contends that this allegation is false.

69.    Plaintiff was not terminated on November 27, 2022.

70.    Moreover, Plaintiff worked on November 30, 2022, and attended the training of a new system.

71.    The training lasted from morning to afternoon.

72.    Plaintiff and the other employees being trained were fed pizza for lunch.

73.    Plaintiff then worked Friday, December 1, 2022 and a double shift on Saturday, December 2nd.

74.    It was during her day at work on December 2, 2022, that Plaintiff had the meeting with Human Resources Representative Andrea Jones and General Manager Greg Abadie.

75. That meeting and the events that followed played out exactly as they were described in the EEOC Charge of Discrimination.

76. Mr. Abadie reassured Plaintiff she would not be fired and encouraged her to keep a smile on her face.

77. After she completed her double shift, however, Mr. Rahaim terminated Plaintiff and stated, "It's just not working out."

## CAUSE OF ACTION

## COUNT I:  VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

78. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 77 above as if fully incorporated herein.

79. Defendant has discriminated against Plaintiff because of her age based on the facts identified above which constitutes a violation of the Age Discrimination in Employment Act.

80. Plaintiff has suffered lost wages, benefits and other pecuniary losses.

81. The unlawful actions of Defendant complained of above were willful and taken in reckless disregard of the statutory rights of Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED**, Plaintiff respectfully prays that upon trial of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back wages;
2. Reinstatement or front pay in lieu of reinstatement;
3. Liquidated damages;
4. Lost benefits;
5. A tax gross-up and all make whole relief:
6. Pre-judgment and post-judgment interest;

7.    Attorney's fees;
8.    Costs and expenses; and
9.    Any other relief to which she may be properly entitled under the ADEA.

THIS the 17th day of May 2023.

Respectfully submitted,

THERESA GOLSTON, PLAINTIFF

By: /s/ Louis H. Watson, Jr.
    Louis H. Watson, Jr. (MB# 9053)
    Nick Norris (MB#101574)
    Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Flowood, Mississippi 39232-9212
Phone: (601) 968-0000
Fax: (601) 968-0010
Email: louis@watsonnorris.com
       nick@watsonnorris.com

10